declaration, touching the assignment of Robinson to the plaintiff, are substantially the same. It is averred, that Robinson conveyed "all his right," and that in consequence the plaintiff did use and enjoy the "right," and has used it. It will be noticed, that, in the assignment of Williston to Robinson, is the expression, "the right so as aforesaid patented," and then in the assignment to the plaintiff is found the expression, the "right, &c., aforesaid," referring to the right mentioned in the first assignment. This right is in both instances alleged to be conveyed. All the right is conveyed to Robinson, and then all the right is conveyed to the plaintiff. If, then, the statute makes the recording necessary to the conveyance, these allegations are of themselves sufficient. At all events, these allegations are sufficient after verdict. These assignments could not have been given in evidence, had they not been recorded, and the fact, that they were so, is not denied.

In the language of the court, in the case cited from Gallison, the recording "must of necessity have been given in evidence." It was "so essentially necessary to be proved, that, had it not been given in evidence, the jury could not have given such a verdict." The issue joined was "such as necessarily required, on the trial, proof of the fact." Without such proof, "the judge could not have directed the jury to give, neither could the jury have given the verdict." The general issue being pleaded and joined, the "right" claimed by the plaintiff was directly denied, and it was necessary for him to prove any thing rendered necessary by the statute to the existence of such right; and the existence of such right is found by the verdict. See, also, Hitchin v. Stevens, 2 Show. 233, and the other cases cited in the note of Sergeant Williams, before referred to.

STORY, Circuit Justice. We are of opinion, that the motion in arrest of judgment ought to be overruled. We accede to the doctrine stated at the bar, that a defective title cannot after verdict support a judgment; and therefore it constitutes a good ground for arresting the judgment. But the present is not such a case; but is merely the case of a good title defectively set forth. The defect, complained of, is the omission to state, that the assignments, on which the plaintiff's title is founded, were duly recorded in the office of the department of state, which is made essential to pass the title of the original patentee by the fourth section of the patent act of the 21st of February, 1793, c. 55 [1 Stat. 318]. The general principle of law is, that, where a matter is so essentially necessary to be proved, to establish the plaintiff's right to recovery, that the jury could not be presumed to have found a verdict for him, unless it had been proved at the trial, there the omission to state that matter in express terms in the declaration is cured by the ver-

dict, if the general terms of the declaration are otherwise sufficient to comprehend it. This was the doctrine of Lord Ellenborough in Jackson v. Pesked, 1 Maule & S. 234; and it is very elaborately expounded by Mr. Sergeant Williams in his learned note to 1 Saund. 228a. The other authorities cited on behalf of the plaintiff are to the same effect. Now, it seems to us, that taking the whole declaration together, (however inartificially drawn,) the plaintiff sets up a title to the patent right by assignment, and an enjoyment and use of the right under that title, and that he has been injured in that right under that title, by the piracy of the defendant. This cannot be true, nor could a verdict for the plaintiff have been found by the jury, if the deeds of assignment had not been duly recorded; for, unless that was done, nothing would pass by the deeds. The cases of Hitchin v. Stevens, 2 Show. 233, and Mackmurdo v. Smith, 7 Term R. 518, cited at the bar, seem to us very strongly in point. So is France v. Tringer, Cro. Jac. 44. There are stronger analogous cases in equity; for it has been held, that if a feoffment is stated without any averment of livery of seisin, or a bargain and sale without stating an enrolment, it is not a good cause of demurrer, but the court will intend it perfect. Harrison v. Hogg, 2 Ves. Jr. 323, 328. As to livery of seisin, it is far from being certain, that, if a feoffment is in terms pleaded, it is necessary, even at law, to aver it, since it is implied. See Co. Litt. 303b; Throckmerton v. Tracy, Plow. 145. See Spieres v. Parker, 1 Term R. 145, per Buller, J.; 1 Saund. 228a, Williams' note. Upon the whole, judgment must be entered for the plaintiff according to the verdict. Judgment accordingly.

---

DOBSON (JORDAN v.). See Case No. 7,519.

DOBSON (WARDROP v.). See Case No. 17,-166.

---

## Case No. 3,946.

DOCKER'S CASE.

[Cited in U. S. v. Holly, Case No. 15,381. Nowhere reported; opinion not now accessible.]

---

DOCKER (MINCHIN v.). See Case No. 9,-628.

---

## Case No. 3,946a.

In re DODGE.

[Betts' Scr. Bk. 55.]

District Court, S. D. New York. March, 1842.

VOLUNTARY BANKRUPTCY—PETITION—SCHEDULE OF REAL ESTATE.

[1. A voluntary petition in bankruptcy need not allege the insolvency or dissolution of a firm of which petitioner was a member.]

[2. A schedule of petitioner's real estate which states the county and town in which the prop-